# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTEO PLANCARTE, | Case No. 1:15-cv-00345-AWI-SAB-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| D. JORGE, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's complaint, filed January 12, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

1

1   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

2   legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

3   that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

4   1915(e)(2)(B).

5        A complaint must contain "a short and plain statement of the claim showing that the

6   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

7   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

9   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Moreover, Plaintiff must demonstrate

10  that each defendant personally participated in the deprivation of Plaintiff's rights.   Jones v.

11  Williams, 297 F.3d 930, 934 (9th Cir.2002).

12       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

13  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

14  1113, 1121 (9th Cir. 2012)(citations omitted).   To survive screening, Plaintiff's claims must be

15  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

16  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

17  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

18  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

19  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

20  F.3d at 969.

21                                              **II.**

22                              **COMPLAINT ALLEGATIONS**

23       Plaintiff, an inmate in the custody of the California Department of Corrections and

24  Rehabilitation (CDCR) at the Correctional Training Facility at Soledad, brings this action against

25  Defendant correctional officials employed by the CDCR at the Sierra Conservation Center at

26  Jamestown, where the events at issue occurred.  Plaintiff names as Defendants the following

27  individuals: Nurse D. Jorge; J. Benak; Dr. Kepau; Dr. Bauer; Nurse Griggs.  Plaintiff claims that

28  Defendants subjected him to inadequate medical care such that it violated the Eighth

1   Amendment's prohibition on cruel and unusual punishment.

2          Plaintiff's statement of claim is conclusory.  Plaintiff alleges that the Defendants caused

3   him injury by prescribing tuberculosis medication when it was not required.  Plaintiff alleges that

4   Defendants violated established medical tuberculosis testing procedures and policies, resulting in

5   "Plaintiff taking TB medications unnecessarily, consequently becoming seriously ill."  (Comp. ¶

6   IV.)   Plaintiff alleges no other facts charging any of the Defendants with conduct regarding his

7   medical care.

8                                                    **III.**

9                                            **DISCUSSION**

10      **A.      Eighth Amendment**

11          A prisoner's claim of inadequate medical care does not constitute cruel and unusual

12   punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

13   "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

14   2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for deliberate

15   indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure

16   to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

17   wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

18   indifferent." Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent

19   manner unless the defendant "knows of and disregards an excessive risk to inmate health or

20   safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal

21   standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v.

22   Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or

23   failure to respond to a prisoner's pain or possible medical need" and the indifference caused

24   harm. Jett, 439 F.3d at 10986.

25          In applying this standard, the Ninth Circuit has held that before it can be said that a

26   prisoner's civil rights have been abridged, "the indifference to his medical needs must be

27   substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

28   cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing

Estelle, 429 U.S. at 105-106).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, Plaintiff names five individual defendants, and asserts the conclusory allegation that they subjected Plaintiff to deliberate indifference.  In order to hold each individual defendant liable, Plaintiff must allege facts linking each individual with conduct that constitutes deliberate indifference.  The Civil Rights Act under which this action proceeds provides for liability for state actors that cause "the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C.§ 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants, and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff must allege facts indicating that each Defendant knew of and disregarded a serious medical condition of Plaintiff's, causing injury to Plaintiff.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by

1   Plaintiff.  Plaintiff has failed to do so here.  The complaint must therefore be dismissed.  Plaintiff
2   will, however, be granted leave to file an amended complaint that alleges facts as to each
3   Defendant.

### IV.

### CONCLUSION AND ORDER

6           For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may
7   be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll
8   v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this
9   suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605,
10  607 (7th Cir. 2007)(no "buckshot" complaints).

11          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
12  each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.
13  Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the
14  duties and responsibilities of each individual defendant whose acts or omissions are alleged to
15  have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).
16  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief
17  above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

18          Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,
19  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),
20  and must be "complete in and of itself without reference to the prior or superseded pleading,"
21  Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in
22  an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers
23  Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

24          Based on the foregoing, it is HEREBY ORDERED that:

25          1.      The Clerk's Office shall send to Plaintiff a civil rights complaint form;

26          2.      Plaintiff's complaint, filed January 12, 2015, is dismissed for failure to state a
27                  claim;

28          3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

an amended complaint; and

4.   If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 17, 2015**

UNITED STATES MAGISTRATE JUDGE