**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTEO PLANCARTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. JORGE, et al.,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-00345-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF, SUBJECTING PLAINTIFF TO STRIKE UNDER 28 U.S.C. § 1915(g)<br><br>(ECF No. 35) |

Plaintiff Timoteo Plancarte is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.**

**RELEVANT BACKGROUND**

Plaintiff filed his original complaint in this action on January 12, 2015. (ECF No. 1.) On March 27, 2015, before Plaintiff's original complaint was screened, he filed a first amended complaint. (ECF No. 12.)

On December 17, 2015, the Court screened Plaintiff's original complaint, and dismissed it for the failure to state a cognizable claim upon which relief may be granted, with leave to amend. (ECF No. 19.) The Court noted that Plaintiff's original complaint was largely conclusory with little factual allegations. (Id. at 2-3.) Plaintiff's first amended complaint was not screened at that time.

1

Following several extensions of time, on March 30, 2016, Plaintiff filed a second amended complaint. (ECF No. 27.) In reviewing Plaintiff's first and second amended complaints, the Court determined that Plaintiff's first amended complaint was an effort at providing sufficient factual allegations to state a cognizable claim upon which relief may be granted. Plaintiff's second amended complaint, however, was mainly composed of legal arguments and conclusory assertions that his rights have been violated, with no factual allegations. Thus, in the interests of justice, the Court substantively screened Plaintiff's first amended complaint on January 23, 2017. (ECF No. 28.) Plaintiff's first and second amended complaints were then dismissed, with leave to amend, for the continued failure to state a cognizable claim for relief. Plaintiff was allowed thirty days to file a third amended complaint.

Plaintiff sought several extensions of time for the purpose of gathering medical documentation to use in amending his complaint, (ECF No. 29, 31, 33), each of which were respectively granted in part, (ECF No. 30, 32, 34.) Plaintiff's third amended complaint, filed June 2, 2017 (ECF No. 35), is now before the Court for screening.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### THIRD AMENDED COMPLAINT ALLEGATIONS

Plaintiff is a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at the Correctional Training Facility in Soledad, California. The events at issue here occurred while Plaintiff was incarcerated at the Sierra Conservation Center ("SCC") at Jamestown, California. Plaintiff names as defendants the following individuals: D. Jorge, RN; R. Griggs, RN; Dr. St. Claire; Dr. J. Krpan; Dr. Shuddy; Dr. Bangi; Dr. Kimn; J. Benak, PA-C; T. Day, PA-C; and CDCR unknown medical staff.

Plaintiff alleges as follows: On June 31, 2009, while Plaintiff was incarcerated at Duel Vocational Institution, he was administered a mandatory Tuberculosis ("TB") test. On July 2, 2009, unknown medical staff read the test results by observed Plaintiff's arm from behind a closed cell door at approximately four feet away. This resulted in a false positive reading, forcing Plaintiff to take medication that made him sick and created a lump in the stomach area.

Plaintiff asserts that due to negligence and ill-trained medical staff, he was denied further medical care and/or determination, meaning further tests conducted by someone who is more qualified to determine if Plaintiff is in fact infected with TB, made with a more accurate and official reading. Specifically, each of the defendants denied Plaintiff adequate medical treatment. There were no further determinations of Plaintiff contracting TB, nor were there any notification thereof provided to Plaintiff. Plaintiff concluded to medical staff that he did not have TB. Plaintiff requested numerous times for further tests, such as x-rays, urine samples, blood tests, but was denied. Plaintiff contends

3

that it was necessary to ascertain the reliability of a positive visual reading that was conducted in an unprofessional manner. Plaintiff received a one-size-fits-all treatment that resulted in further significant injury.

Only after Plaintiff became ill from the medication did he deny the medications that made him ill and caused a lump in his stomach area. It was only after being rushed to the hospital by ambulance that it was officially determined that Plaintiff never had TB in the first place. Negligence from all defendants, who refused to take all necessary steps into providing tests and/or treatment, led to Plaintiff being denied adequate medical treatment that resulted in further significant injuries.

Plaintiff seeks a declaration that defendants' actions violated his rights, compensatory and punitive damages, and costs of suit.

**IV.**

**DISCUSSION**

**A.     Eighth Amendment**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 10986.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

4

'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegations are insufficient to state a claim against any of the defendants. His blanket assertions that the defendants should have provided additional TB testing to him only show a disagreement between him and his medical care providers. Plaintiff has not provided any facts showing that any defendant was aware of a serious medical need for additional TB testing, and that they were deliberately indifferent to that need. His conclusory allegations of negligence, "ill-trained medical staff," and of receiving "one-size-fits-all" treatment, are also insufficient to state a claim of deliberate indifference in violation of the Eighth Amendment.

Plaintiff has been previously advised of these standards, and informed of the specific deficiencies in his pleadings. Despite several opportunities to amend, Plaintiff's current amended complaint is largely conclusory, similar to his original complaint. Thus, the Court is persuaded that Plaintiff will be unable to allege any additional facts that would support a claim here, and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446–1449 (9th Cir. 1987). See also Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")

## V.

## CONCLUSION AND ORDER

For these reasons, IT IS HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for failure to state a cognizable claim upon which relief may be granted. This dismissal is

5

subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Coleman v. Tollefson</u>, — U.S. —, 135 S. Ct. 1759, 1765, 191 L. Ed. 2d 803 (2015).

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 28, 2017**

UNITED STATES MAGISTRATE JUDGE